I'm Laura Hartzler and I represent the petitioner Kamal Ahmed. This case addresses the question of whether Kamal Ahmed's conviction for open and gross lewdness and avowed gross misdemeanor may be found an aggravated felony for sexual abuse of a minor under the modified categorical approach. Obviously, in Aguila Montes, an en banc court determined that a conviction under a criminal statute that is overbroad or is missing an element of the generic definition could nevertheless be analyzed under the modified categorical approach. We're not disputing that the modified categorical approach applies here. However, the court specified that this analysis is subject to an important limitation, that the fact finder must have been actually required to find the particular fact and that the conviction necessarily rested on this fact. This important limitation applies to Mr. Ahmed's case and that the Nevada State Court judge was not actually required to find the age of the victim in order to convict him under NRS 201.210. And his conviction did not necessarily rest on the age of the victim. Since Mr. Ahmed did not have any incentive to contest this fact as part of his plea bargain Why wouldn't he have every reason to contest the age of the child? For sentencing purposes, there surely is a difference between somebody who is caught fondling his 17-year-old girlfriend on the balcony of his apartment versus groping a 7-year-old at a 7-Eleven. And he's admitted to groping the 7-year-old. She's named by name. You know, there's sort of no question of her identity and of the facts that would have been presented had he gone to trial. So certainly for sentencing purposes, doesn't it make a difference as to whether she's 7 or whether she's 17? Nevada State law actually has two offenses that could be applicable to this kind of offense. One of them is 201.230, which is lewd and lascivious acts with a minor under the age of 14. And the arrest report actually indicates that the prosecutor may have originally considered charging him under this. However, the formal charging document officially charged him under a different statute, 201.210. Okay, so in some ways he may be lucky. Because is the penalty the same for the charge with the minor? It is not. The open and gross lewdness is a gross misdemeanor. And the more serious one, the lewd and lascivious under the age of 14. Is that a felony? Class A felony. So he's pled down. And that's good for him. But it doesn't really change the fact to one to which he pled that she was 7 years old. For example, had they gone to trial and had his defense been, it wasn't Brittany D. who was age 7. It was actually Sherry D. who was age 17. Then surely he would have had an absolute defense to the indictment, right? Possibly, Your Honor. But assuming, that's not the case we have here. What we have is that the alleged victim, Brittany, that he would have been convicted under the statute whether she was 7 years old or 17 or 70 for that matter. That's right. It would have satisfied the elements of Nevada's offense. But that's one of the reasons that we have the modified categorical. Because the Nevada statute would say anybody who's, in some sense, it is theoretically divisible. Anybody who molests somebody who is 7, 8, 9, 10, 11, 12, 13, 14 on up to 75 is guilty of a gross misdemeanor. And that would make the statute divisible if we wanted to think of it in those sort of silly terms. Nevada was a little more efficient in the way that it designed the statute. But there's no question that we have identified somebody here and given an age that is sort of unmistakable. That is, we're not going to mistake the 7-year-old for a 27-year-old. Correct. But this court will also be using whatever decision is made in this case on people who are perhaps 17 years old and 364 days old. In other words, the rule that's come forward and made in this case will affect situations where perhaps, you know, in this case it was fairly clear that she was 7 years old and that it was a minor. But the application of the important limitation to this case will affect many, many other cases in which the age may not be so clear. And therefore, it's important to consider whether an age-neutral statute, such as in this case, can really be considered under the modified categorical. Counsel, tell us what the record shows with respect to whether this defendant was ever charged with the felony. Correct, Your Honor. The indication that I referred to earlier is in page 131 of the record. And I believe that this is an arrest report, so it's not really an official part of the record. It does indicate that he was originally perhaps charged with 201.230, and that's on page 131. Originally charged by whom? That appears to be some sort of police report or record. And then the official charging document is the information. And that officially charges him under the statute for which he was the most gross misdemeanor. The gross misdemeanor. Correct. Counsel, in your view, does the actually required language of Aguila Montes, Montes, is that limited to elements of the offense? I believe, if I'm characterizing Aguila Montes directly or correctly, Your Honor, in Aguila Montes we go to the modified categorical approach, and then we look at everything certainly that would be an element of the offense, of the generic definition. Then we look at anything that might be in the modified categorical approach in the record of conviction and say were those facts that the fact finder was actually required to find, did the conviction necessarily rest on those facts. In this case, we are arguing that the age of the victim was irrelevant to whether he was convicted. He could have been convicted of these facts whether she was 7 or 17 or 50. So in your view, is it the case then that if the fact is not required as an element of the conviction, then it can't actually be required? I believe there's some language in Aguila Montes to suggest that there may be situations where, even though it's not an element, for instance, the example of a knife, a gun, or an ax, if the harm was committed through this particular fact and the prosecutor's theory actually required it, then it could be relied upon even though it's not necessarily an element of the generic offense. So in this instance, you would have to prove that, or the defendant admitted that he committed certain acts that would form the factual basis for the offense. That's correct. So in this context, would it be fair to say that the personal characteristics of the defendant were part of his factual basis for the plea? No, Your Honor. And I can think of situations where that would be the case. You know, for instance, if you had a situation where you had a specific case where – I apologize, I'm trying to think. But in other words, the specific factual basis here was that he grabbed her and fondled her crotch over her clothing. That could happen to anyone regardless of the age. It could have happened at any age of a victim. And so there was nothing in this factual basis that was at all linked to the fact that the victim was a minor. Counsel, going back to my earlier question, is there anything in this record that suggests a plea bargain? Not that I'm aware of, Your Honor. Okay. He was eventually charged with the crime that he was actually convicted of, except for that – There was no superseding information or superseding indictment or anything? Not that I'm aware of, Your Honor. Okay. Thank you. And do you want to reserve your time or – Yes, Your Honor. You may do so. Thank you. We'll hear from the State – or from the Government, rather. Excuse me. Good afternoon, Your Honors. May it please the Court. John Blakely on behalf of the Respondent and Attorney General of the United States. Your Honors, I'd like to start by addressing the question that you had, Judge Bybee, and that you followed on, Judge Hayes. And that was that – that question went towards what is the actual conviction here? And in Aquila Montes, I'd like to read something to you. This Court, in explaining how you figure out whether a fact was actually required, this Court said, If the defendant could not have been convicted of the offense of conviction unless the trier of fact found the facts that satisfy the elements of the generic crime, then the fact finder necessarily found the elements of the generic crime. Now, I'd like to – I'd like to explore that sentence in this context here. Now, Mr. Achmed was found guilty of fondling the crotch of a 7-year-old child. If we look at the nonentity statute and the state law that interprets the statute, you're required to establish gross indecency. And so in the documents on the record, the Taylor-Shepard documents that are permissible, he admits that he fondled the crotch of a 7-year-old child. There's nothing in there, in those facts, besides fondling the crotch of a 7-year-old child that indicates that the activity was actually criminal. And this goes to your question, Judge Bybee, about the 17-year-old or the 27-year-old. If this is just fondling an adult woman and it's consensual activity, there's nothing to indicate that that activity is criminal. What becomes criminal here is potentially that it's against the will of the individual, that it's done openly in public, as in the case of the – cited in the record of the homosexual activity in the restroom, or that it's a child. Those are the – But there's nothing in the statute that talks about a child. I'm sorry? There's nothing in the statute that talks about a child. But it talks about gross indecency. Does it require a victim? Does the statute require a victim? No, it does not. So we don't even have to have somebody else there in order to satisfy the statute. You could do this by yourself, in other words. And, in fact, some of the activity that has been charged under this statute – Like exhibitionism of some sort? Certainly, Your Honor. And that's what the case was with the activity in the public restroom. But that was public activity. There was something that made it criminal. When you look at the facts here and the facts that were admitted, there has to be something there that made it criminal. There's nothing that indicates that this was open or that this was done in public, because the facts that are in the information and that are in the plea memorandum don't mention that this was done in the 7-Eleven. That we know from the – Yeah, but there's no issue that this is criminal. The real question is, does this fit within the federal statute? That's correct, Your Honor. And so the relevant question is, what in the facts establishes that this was required? If you take away a 7-year-old child, there's nothing in there that was required to show that this was criminal activity. The only thing that's criminal about it was that this was a 7-year-old child. Funneling an adult without more is not criminal. Well, it could be lewd or gross or open lewdness if you were funneling somebody, even if it was entirely consensual, if you were doing it in public. That's a key point there, the last thing that you said, if in public. There's nothing here to indicate that this was in public. The only thing that indicates that it's criminal here is that it's a 7-year-old child. Well, it was done in a grocery store. That's public. But that's not in the documents, that this was in a grocery store. Well, neither is the fact that this was a minor. In the information. In the charging statute. In the information, it lists that this was a 7-year-old child, and in the plea memorandum. And then the judgment of conviction says he was convicted as charged in the information. Yeah, but the information, obviously, is gross misdemeanor, not mentioning minor. Now, you heard my question to Ms. Hartzler. Do you agree that there's nothing in the record to show that this was a negotiated plea? I agree with that, Your Honor. There's nothing that indicates that it was. I think it's important to look, to think also. Here's my concern. Somewhere along the line, the prosecutor made the judgment that he was not going to charge abuse of a minor, which would have put it into a felony category, in whatever the language of the Nevada statute is. He elected to charge in the misdemeanor category. Yet, the government is now trying to take the gross misdemeanor and turn it into an aggravated felony under 43A, which would have included sexual abuse of a minor. Which brings us back to Aguila Montes, in terms of, was that required? And I've got some doubts about whether that was essential to the conviction in Nevada. Well, what I think is important about that is that if you take away a seven-year-old child, you have no criminal activity included on the information. There's no factual basis for something that was done. Well, I'm reading the paragraph. I did willfully and unlawfully commit an act of open or gross lewdness with the person of Brittany D., a woman of 27 years old, at Rightway Grocery, Sparks, Washoe County, Nevada, in that I did grab Brittany D. and fondled her crotch and groin area with my hands over her clothing. What's wrong with that? That wouldn't satisfy the Nevada statute? If he fondles a woman in a grocery store, that would satisfy the Nevada statute, wouldn't it? That would satisfy the Nevada statute, yes. But then if that does satisfy the Nevada statute, then you wouldn't need the age. You wouldn't need the age at all in the Rightway Grocery store or whatever would satisfy that. I think it's also important here to look at the other half of the fairness question, is whether Mr. Achmed was unnoticed that the age was a significant issue. And the first thing I point to there, the Board cites to Nevada by statute 432B, and in that statute the Nevada legislator specifically contemplates that this activity would also be prosecuted, this activity being fondling the crotch of a seven-year-old, would also be prosecuted under open or gross lewdness or gross misdemeanor. This isn't something that's only appropriate to charge as something that's pled down. Like I said, 432B.100 cites that sexual abuse includes acts upon a child constituting open or gross lewdness. But that's not what she was charged with. I'm sorry? That wasn't the charge in this case. But this is a Nevada statute that says if you're convicted under that, for child protection purposes, you're considered to have been convicted of sexual abuse of a child. And that's not the only place in the statute that contemplates that. In Nevada revised statute 201.210, this is what he could have also been charged with, a lewdness with someone under the age of 14, for sentencing purposes for that lewdness conviction. If you have a previous sexual offense, which would include any offense where the child is the victim, then it goes up to a Class A felony that has life imprisonment. They're saying it has collateral consequences if he's arrested again. Well, it's actually part of the statute, 201.230, paragraph 2. Well, in this case, what the defendant admitted to is that he said in paragraph 4 that he understood the charges against him, what the state would have to prove, and that he was, in essence, admitting to the elements of the offense. In paragraph 5, he says, I understand that I admit to the facts which support all the elements of the offense of pleading guilty. And so if the age wasn't an element of the offense and he could have been found guilty, in essence, in the plea agreement, isn't all he's reciting is that he said, look, I understand what the charges are against me, and I admit to the facts which form a factual basis for the plea. And if the age isn't part of it, what's the relevance of him having to say the age or not contesting the age? If he's saying, I really only want to admit what the elements of the offense are? Well, because the age has other consequences in addition to the first two I listed about child protection and about sentencing for a follow-on offense. You also have just the sentencing for this specific case. He could have been sentenced up to a year, and part of that could have been the judge taking into account that the victim was seven years old. So he included that as part of the plea memorandum. That could have been taken into account by the judge, and he could have been sentenced more severely on that account. You have just the general appropriate associated with fondling a seven-year-old child. It's now public, public record information that he fondled a seven-year-old child. Most people would not want that as part of the public record. In addition to that, Nevada never passed this statute, but it had contemplated the statute where if you're convicted of sexual abuse of a child, among others, as defined in section 432B, then you would not have been able to live within a thousand feet of a school or other places where children play or live. And that's a pretty serious consequence. And because of what he admitted on the record, he was on notice that there are all kinds of things that could have happened because he let it be on that record that he was convicted of fondling a seven-year-old. Counsel, the IJ referred to a Fridi, our Fridi case, and tried to apply it under the circumstances. Of course, a Fridi has now been overruled by Estrada Espinosa. What impact should that have? Well, I think that first we're defending the board decision here and not the immigration judge's decision. If you'll turn to page 3 of the board's decision or page 2 of the board's decision. It specifically refers to a Fridi. Well, the board's decision refers to, at least where I'm looking, refers to Rodriguez-Rodriguez, which is what a Fridi was quoting, the IJ was quoting a Fridi quoting Rodriguez-Rodriguez. That's correct. And Rodriguez-Rodriguez was adopted by a Fridi, and Rodriguez-Rodriguez was specifically criticized in our unbinding decision in Estrada Espinosa. Now, what do we do when the board has relied on law, which is no longer, apparently no longer good? Well, Estrada Espinosa is restricted to only the certain types of offenses, I've drawn a blank on the name of it, dealing with the rape of a child or the mandatory rape of a child, excuse me. And there's the other cases, the Berra-Medina and Medina-Villa that define the other, sexual abuse of a minor. And this case would fall under the Medina-Villa definition. Do we get to decide that on our own or is that the board's to decide in the first place? In other words, would a Ventura remand be appropriate here to let the board address this? It said we find no reversible error, and that's the bottom of, that's the last line in the first paragraph on page two of the board's decision, referring to the IJ citing Rodriguez-Rodriguez, which we have found is an infirm definition. Well, I think that there would be no reversible error in the definition that the board applied here, under the guidelines provided by Medina-Villa. I would also suggest that with the two different precedents of Estrada-Espinosa and Medina-Villa, we have a situation where this court has admitted that there's some ambiguity in the definition of sexual abuse of a minor. And to the extent that there is ambiguity, then this court should defer to the board's interpretation of sexual abuse of a minor. That's right, but how can we defer to Rodriguez-Rodriguez when we've already said Rodriguez-Rodriguez is not an informed judgment under Chevron? What are we deferring here to? This is an old decision by the board now. I mean, this is, what, 2007, so it's almost five years old. There have been a lot of developments in the meantime. Is there any reason that the government would object to us sending this back to the board and having them sort of look at this thing to make sure that this is what they want to do in light of all the developments that have occurred since 2007? If this court thinks that it's necessary to resolve that question, to resolve this case, and the interpretation of the modified datacorporal approach, then remand would be appropriate to request that the board define that. Thank you, counsel. Your time has expired. Ms. Hartson, you have some reserve time. Just several quick points, Your Honors. First of all, the argument that the government's counsel put forward regarding whether the information is required to show, or the age of the victim here was required because that's the only thing that would make it criminal. I think the court is spot on on the question of, no, this could be applied to a person who is 27 years old. Therefore, there wasn't anything in the, in other words, the age of the victim was not necessarily required in order to make it criminal. Frankly, we would defer to prosecutors. We say that a prosecutor can charge this under X statute because there were some sort of facts that made it criminal, even if it's not absolutely in the charging document. And therefore, we would state that the age still remains the thing that was not actually required in order to convict him under the statute. Therefore, the important limitation applies here. The second point I would like to make is that counsel seems to be arguing that there was some sort of fundamental fairness that was met here because under the Nevada statute he would have had noticed that this was going to have certain consequences for him. However, the fundamental fairness and the important limitation doesn't apply necessarily in individual cases. It applies en masse. In other words, we're not applying the important limitation just because perhaps this person may have thought that this would, this underlying fact would have some sort of consequences. We apply it regardless of whether we can show underlying reliance on it or not. And then my final point is on the question of remand that the court brought up. In U.S. v. Castro, I believe that's the court, that's the most recent decision where this court really set out a clear definition of how do we define sexual abuse of a minor, both through the statutory rape and through the sexual abuse of a minor in terms of psychological or physical harm that would come to a child, particularly one under 14. And I believe that the law is very, very clear under U.S. v. Castro what standards should apply here and what is the generic definition. Therefore, we would argue that remand is not necessarily appropriate. And, in fact, in this court's decision in Fernandez-Ruiz, the en banc decision. Counsel, what is it in Castro that compels that, according to you? Your Honor, we would just state that U.S. v. Castro very clearly sets the law out in terms of when do we find that there's been sexual abuse of a minor. And so, although there's been some... Well, it lays out the elements, but what is it in the opinion that compels the result you suggest? Because the law is now clear and because this court held en banc in Fernandez-Ruiz that remand is only appropriate when there's some reason the government says, well, either there's new evidence that we'd like to submit or there's some other reason. There's no... In other words, Ventura is only a situation where you remand when there's some sort of factual finding that the agency should... Oh, so you're just arguing for an outright grant. I'm just arguing for an outright grant, yes, Your Honor. And I will... Thank you. Thank you, counsel. The case just argued will be submitted for decision and the court will adjourn. All rise. All those having had business before this honorable court in the United States Court of Appeals for the Ninth Circuit shall now depart. For this court stands adjourned. The court is adjourned.
judges: Hayes, O'scannlain, Bybee